UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EARL WATTLETON,             ) | |
| )  | |
| Plaintiff,             ) | |
| ) | |
| v.             ) | Civil Action No. 22-0145 (BAH) |
| ) | Chief Judge Beryl A. Howell |
| ) | |
| U.S. DEPARTMENT OF JUSTICE,             ) | |
| ) | |
| Defendant.             ) | |

## MEMORANDUM OPINION

Plaintiff David Earl Wattleton, proceeding *pro se* and *in forma pauperis*, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Justice's ("DOJ's") Executive Office of United States Attorneys ("EOUSA") to disclose certain records that he requested in December 2020. *See* Compl., at 1–2, ECF No. 1.[1] DOJ now moves for summary judgment, DOJ Mot. for Summ. J. ("Def.'s Mot."), at 1, ECF No. 11; DOJ Mem. Supp. Mot. for Summ. J. ("Def.'s Mem."), at 1, ECF No. 11-1; DOJ Stmt. of Facts Mot. for Summ. J. ("Def.'s SOF"), at 1–2, ECF No. 11-2, and, for the reasons discussed below, that motion is granted.

I.     BACKGROUND

Plaintiff's FOIA request at issue was received and acknowledged by EOUSA, on December 3, 2020, and assigned tracking no. EOUSA-2021-000704. Def.'s SOF ¶ 1; Declaration of EOUSA Attorney-Advisor Auburn Finney ("Finney Decl.") ¶¶ 1, 4, ECF No. 11-3; Compl. at 1–2; Compl. Ex. A. (Pl.'s Undated and Unsigned FOIA Request); Compl. Ex. B

---

[1]    The page numbers generated by the Electronic Case Filing/Case Management ("ECF/CM") system are used in citing to the complaint.

(EOUSA's Dec. 3, 2020 Acknowledgment Letter.).[2]  Plaintiff requested the following information:

> [n]ames of all individuals and/or entities of all Public Access to Court Electronic Records ("PACER"), or LIONS systems users who, within the time period of May 27, 1999 through November 10, 2020, accessed a United States Federal Court or the United States Attorney for the Northern District of Georgia affiliated with the case number 1:99-CR-306-TWT or to retrieve information based on the name David Earl Wattleton.

Def.'s SOF ¶¶ 1–2; Finney Decl. ¶ 4; Compl. at 1; Compl. Ex. A.

This FOIA request references two databases: PACER and LIONS. The Public Access to Court Electronic Records, or "PACER," is a case management database maintained by the Administrative Office of the United States Courts ("AO") on behalf of the federal judiciary to provide electronic public access to federal court records.  Def.'s SOF ¶ 4 (citing Finney Decl. ¶ 9; "Public Access to Court Electronic Records," available at pacer.uscourts.gov) (last visited Nov. 8, 2022)); *see also Am. Civ. Lib. Union v. U.S. Dep't of Justice*, 655 F.3d 1, 7 n.7 (D.C. Cir. 2011) ("PACER, provided by the federal judiciary, 'is an electronic public access service that allows users to obtain case and docket information from [all] federal appellate, district and bankruptcy courts.'" (quoting http://www.pacer.gov)).

The Legal Information Office Network System, or "LIONS," was a database and case management system that formerly was used by the regional United States Attorney's field offices to "identify cases and retrieve files related to cases and investigations by using district court case numbers, defendants' names, and the internal number assigned by each United States Attorney's Office."  Def.'s SOF ¶ 5 (citing Finney Decl. ¶ 4 n.1).  Some time ago, LIONS was replaced by

---

[2]  Plaintiff submitted a nearly identical FOIA request to DOJ's EOUSA in February 2019, and ultimately challenged EOUSA's response by filing a lawsuit in this District on May 14, 2019. *See Wattleton v. DOJ*, No. 19-cv-1402 (BAH), at Compl., ECF No. 1.  Since plaintiff had failed to exhaust administrative remedies, DOJ was granted summary judgment in that matter on August 12, 2020.  *See Wattleton v. United States DOJ*, Civil Action No. 19-1402 (BAH), 2020 U.S. Dist. LEXIS 144401, at *1 (D.D.C. Aug. 12, 2020).

the "Caseview" filing system, which is now used by U.S. Attorney's Offices "to track civil and criminal cases, appellate investigations, and matters based on parties' names, USAO case jacket numbers, and court case docket numbers."  Finney Decl. ¶ 4 n.1; *see* Def.'s SOF ¶ 6.

EOUSA does not maintain any centralized database of case records and, instead, each individual field office is responsible for respectively maintaining its own records.  *See* Finney Decl. ¶ 5; Def.'s SOF ¶ 7.  Upon receipt of a FOIA request, EOUSA sends that request through its electronic system, FOIAxpress, to the relevant field office(s) that may have potentially responsive documents, and then those offices perform their own searches and report back to EOUSA.  *See* Finney Decl. ¶ 5.

This process was followed with respect to plaintiff's FOIA request at issue.  Specifically, on February 4, 2021, after receiving plaintiff's FOIA request at issue in this case, EOUSA corresponded with plaintiff, partially explaining this process, and also stating that his FOIA request had been categorized as "complex," requiring additional time for review, due to, among other things, EOUSA's need to contact the relevant individual field office(s) and for them to conduct their own searches.  *See* Compl. Ex. C (EOUSA Letter to plaintiff, dated Feb. 4, 2021).

EOUSA determined that the only office with potentially responsive documents was the United States Attorney's Office for the Northern District of Georgia ("USAO-NDGA").  *See* Finney Decl. ¶ 7; *see also* Compl. Ex. A.  On September 10, 2021, EOUSA requested that USAO-NDGA search for records potentially responsive to plaintiff's FOIA request, while noting "that the information requested for PACER may not be tracked since it is a U.S. courts system."  Finney Decl. ¶ 8.  While that request was being processed, plaintiff filed this lawsuit on January 20, 2022.  *See generally* Compl.

On March 29, 2022, the point of contact at USAO-NDGA's FOIA Office, Diana Todd, informed EOUSA that the information requested by plaintiff is not tracked by USAO-NDGA, so no responsive records were located.  Finney Decl. ¶ 9; Def.'s SOF ¶ 10.  In preparing that response, Todd contacted Alysun Laskowski, a Records Management Specialist, who "is responsible for providing analytical and program management work to insure all USAO records and information . . . are created, maintained and disposed of in accordance with federal and Departmental guidelines[.]"  *Id.*; Def.'s SOF ¶ 8. Laskowski confirmed to Todd that plaintiff sought information from PACER, but "PACER is a U.S. Courts system and thus the United States Attorney Office has no way of tracking who has accessed certain cases within the U.S. Court's system." Finney Decl. ¶ 9; *see* Def.'s SOF ¶¶ 4, 9.  Laskowski also confirmed that "USAO-NDGA does not track who has accessed specific cases or searched for specific parties within LIONS or PACER[,]" nor does it otherwise "maintain any records reflecting the names of those users." *See id*.   Consequently, on May 29, 2022, Todd sent EOUSA a search response stating that no responsive records were located.  Finney Decl. ¶ 9; Def.'s SOF ¶ 10.

Additionally, Stephanie Johnson, an EOUSA Caseview Program Manager, who is responsible for Caseview application development activities, database operations and maintenance support, and customer service, and who also has personal knowledge regarding EOUSA's tracking methods and of the information that is, in fact, "tracked," confirmed that Caseview "does not keep track of who has accessed specific cases or searched for specific parties." *See* Finney Decl. ¶ 10; Def.'s SOF ¶ 12.

On March 30, 2022, EOUSA mailed a response letter to plaintiff, informing him that no documents responsive to his request were located.  *See* Finney Decl. ¶ 11; *id*., Ex. B (EOUSA Mar. 30, 2022 Response Letter); Def.'s SOF ¶ 11.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law." *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (quoting *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805, (D.C. Cir. 2006)); *see also* FED. R. CIV. P. 56(a). "In FOIA cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 734-35 (D.C. Cir. 2017) (quoting *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013)); *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) ("[A]n agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements.'" (omission in original) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978))). Most FOIA cases "can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

"[T]o satisfy FOIA's aims of providing more transparency into the workings of the government," an agency must demonstrate that an adequate search for records responsive to a FOIA request was made. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022). This demonstration "entails a 'show[ing] that [the agency] made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" *Id*. (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C.

5

Cir. 1990)).  The D.C. Circuit has explained that "[w]hile the agency need not search every record system, it also may not limit its search to only one record system if there are others that are likely to turn up the information requested." *Id*. (internal quotation and citation omitted).  Moreover, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), but, at the same time, a "positive indication[] of overlooked materials" can lead a court to determine the search was inadequate, *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) (internal citations omitted); *see also Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (noting that agency must establish "beyond material doubt that its search was reasonably calculated to uncover all relevant documents.") (internal quotation and citation omitted).  In short, summary judgment is inappropriate only "if a review of the record raises substantial doubt as to the search's adequacy, particularly in view of well defined requests and positive indications of overlooked materials." *Shapiro v. United States DOJ*, 40 F.4th 609, 613 (D.C. Cir. 2022) (quoting *Reporters Committee for Freedom of the Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017) (cleaned up)).

In assessing an agency's fulfillment of its FOIA obligations, an agency's declarations are accorded "'a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.'" *Id.* (quoting *Bartko v. DOJ*, 898 F.3d 51, 74 (D.C. Cir. 2018) (some quotation marks omitted) (quoting *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991))).

### III. DISCUSSION

DOJ has demonstrated that an adequate search was conducted for records responsive to the FOIA request at issue and that the agency otherwise met its statutory obligations.  While

EOUSA did not retrieve any records responsive to plaintiff's FOIA request, notably, a search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; *see Iturralde*, 315 F.3d at 315 ("The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search.").

Plaintiff's FOIA request sought records related to individuals or entities that accessed case information related to USAO-NDGA's prosecution of plaintiff in a criminal matter, *see* Compl. at 1; Compl. Ex. A, and the agency's declarant, who is an experienced Attorney Advisor in EOUSA's FOIA Office with personal knowledge of the applicable FOIA regulations and EOUSA's processes and procedures in responding to the FOIA requests, including the plaintiff's request, *see* Finney Decl. ¶¶ 1–3, determined that, if such records existed, they would be maintained by USAO-NDGA, *see id*. ¶¶ 6–7. USAO-NDGA, through Todd and Laskowski, determined that the office does not track or maintain records related to the search inquiries of individual users through any case management system, including PACER, LIONS, or Caseview. *See id*. ¶¶ 8–9; Def.'s SOF ¶¶ 4–7, 9. EOUSA then expanded its inquiry by consulting with Johnson, who confirmed that EOUSA neither tracks, nor has the ability to track, the information sought by plaintiff. *See* Finney Decl. ¶ 10; Def.'s SOF ¶ 12. These efforts were thorough and reasonable under the attendant circumstances. *See Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

In response, plaintiff fails to present any countervailing evidence to suggest that a genuine dispute of material fact exists as to the adequacy of the search. *See Morley v. CIA*, 508 F. 3d 1108, 1116 (D.C. Cir. 2007). Plaintiff's sole argument is that records are "likely" to exist somewhere, and that DOJ and EOUSA are required—but have failed—to "write a computer

7

program that enables them to search the PACER Service Center information technology department[,]" to retrieve the information that he requested. *See* Pl.'s Opposition ("Pl.'s Opp'n"), at 4–5, ECF No. 14. In support, he contends that EOUSA's declaration falls short by failing adequately to explain PACER's technological capabilities, and that Finney has insufficient expertise in the field of information technology. *See id.* at 4–6.

Plaintiff's arguments are unpersuasive. First, plaintiff fails to provide any authority supporting his contention that DOJ or EOUSA is obligated to "write a computer program" designed to create records not already maintained.[3] Indeed, the "FOIA imposes no duty on the agency to create records." *Forsham v. Harris*, 445 U.S. 169, 186 (1980). The "FOIA . . . only requires disclosure of documents that already exist, not the creation of new records not otherwise in the agency's possession." *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 409 (D.C. Cir. 2020) (citations omitted); *see also Yeager v. DEA*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request."). Akin to the instant circumstances, in *Elkins v. FAA*, 103 F. Supp. 3d 122 (D.D.C. 2015), plaintiff's request "that the agency use a confidential algorithm" to extract and translate potentially responsive data from its computer system was rejected since the agency was not required to take this additional step and the agency's "obligation ended" after its customary search for then-existing records did not uncover any responsive information, *id.* at 131. *See also Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 269 (D.D.C. 2012) (holding that an agency need not "analyze data" or "conduct research" in response to a FOIA request), *aff'd*, 969 F.3d

---

[3] Plaintiff cites to 6 C.F.R. § 5.4(i)(2)(ii), Pl's Opp'n at 5, but this subsection of the Code of Federal Regulations is unhelpful. This provision applies only to records requests submitted to the Department of Homeland Security, not to DOJ or EOUSA, and, in any event, does not support plaintiff's argument that computer programming is required. *See* 6 C.F.R. § 5.4(i)(2)(ii). To the contrary, this provision makes clear that "[c]reating computer programs or purchasing additional hardware to extract" certain types of archived electronic data "are not considered business as usual" and therefore are **not** required "if extensive monetary or personnel resources are needed to complete the project." *See id.*

406 (D.C. Cir. 2020). EOUSA is simply not required to create the records or adopt the technology requested by plaintiff and thus plaintiff's complaint that Finney lacked the qualifications or abilities to do computer programming are immaterial.

Second, plaintiff's bald conclusion that the records sought are likely to exist somewhere, despite DOJ's diligent search, does not generate a dispute of material fact. *See Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996). The Supreme Court has held that the only "agency records" subject to examination under the FOIA are those that an agency creates or obtains, and controls at the time the FOIA request was made. *See U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144–46 (1989); *see also Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (same). Here, EOUSA has averred that the records sought are not created, obtained or controlled by the agency, and plaintiff has presented no substantive information to dispute this fact.

Finally, even if the records sought by plaintiff exist within PACER and, further, that EOUSA had a right to obtain the requested records from within PACER, EOUSA would still not be obliged under the FOIA to obtain such information outside its possession and control. *See Beveridge & Diamond, P.C. v. EPA*, 78 F. Supp. 3d 199, 206–07 (D.D.C. 2015) (explaining that, when agency itself did not maintain responsive data, the agency was not obligated to obtain it from a third-party in response to the plaintiff's FOIA request, because the "public cannot learn anything about agency decisionmaking from a document . . . neither created nor consulted" by the agency) (citing *Judicial Watch, Inc. v. Fed. Hous. Fin. Agen.*, 646 F.3d 924, 927 (D.C. Cir. 2011) (other citations omitted)). EOUSA is obligated only to conduct a reasonable search of its own records and is not required to respond to any part of plaintiff's request for records maintained elsewhere. *See Lewis v. Dep't of Just.*, 867 F. Supp. 2d 1, 12–13 (D.D.C. 2011)

(granting summary judgment for EOUSA where agency did not control documents filed and maintained in federal court). Any responsive information on PACER—if it exists at all—would be maintained by the AO, not by DOJ or EOUSA, *see* Def.'s SOF ¶ 4; *see also Am. Civ. Lib. Union*, 655 F.3d at 7 n.7, and the federal judiciary, including the AO is exempt from the requirements of the FOIA, *see* 5 U.S.C. § 551(1)(B) (explicitly excluding federal courts from definition of "agency"); *see also Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 231–32 (D.D.C. 2008) ("The term 'agency' as defined for purposes of FOIA . . . expressly excludes the courts of the United States . . . [and] [t]he phrase 'courts of the United States' is interpreted such that this exemption applies to the entire judicial branch of government[,]" including the AO); *Lewis*, 867 F. Supp. 2d at 13 n.5 (same) (collecting cases).  Consequently, even if the information requested by plaintiff were somehow extant and accessible on PACER, the information would be exempt from release under the FOIA.

## IV.   CONCLUSION

For the foregoing reasons, DOJ's motion for summary judgment is granted.  An order consistent with this memorandum opinion will be issued contemporaneously.

Date:   November 22, 2022

_____/s/_____
BERYL A. HOWELL
Chief United States District Judge